

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2003

# USA v. Forrest

Precedential or Non-Precedential: Non-Precedential

Docket 02-2372

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Forrest" (2003). *2003 Decisions*. Paper 538.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/538

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

02-2372

_____

UNITED STATES OF AMERICA

v.

ALANDA FORREST,
aka EARL FORREST;
aka EARL ORLANDO;
aka EARL HOWARD;
aka ALANSO LAW;
aka LANCE FORREST

Alanda Forrest, Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(Dist. Court No. 00-cr-00385-8)
District Judge: Honorable Stephen M. Orlofsky

_____

Argued on February 11, 2003

BEFORE:    ALITO and McKEE, <u>Circuit Judges</u>, and SCHWARZER,[*] <u>Senior
District Judge</u>

(Opinion Filed: May 22, 2003)

MARK W. CATANZARO (ARGUED)
Blason IV - Suite 208
513 S. Lenola Road

_____

[*]The Honorable William W Schwarzer, Senior United States District Judge for the
Northern District of California, sitting by designation.

Moorestown, NJ 08057

*Counsel for Appellant Alanda Forrest*

CHRISTOPHER J. CHRISTIE
United States Attorney
GEORGE S. LEONE
Chief, Appeal Division
MICHAEL MARTINEZ (ARGUED)
Assistant U.S. Attorney
Office of the United States Attorney
970 Broad Street
Newark, NJ 07102

*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

PER CURIAM:

Alanda Forrest ("Forrest") pled guilty to two counts of a superseding indictment charging knowing and intentional use of a telephone to facilitate the distribution of cocaine and cocaine base, in violation of 21 U.S.C. §§ 843(b) and 843(d)(1) and 18 U.S.C. § 2. Forrest was sentenced to imprisonment for a term of forty-eight months on each of the counts, to run consecutively and to be followed by a term of supervised release of one year. The remaining counts were dismissed.

Counsel for Forrest has filed a brief pursuant to Anders v. California, 306 U.S. 738 (1967), representing that a conscientious review of the record failed to disclose any nonfrivolous issues for review and requesting permission to withdraw.

-2-

Forrest filed a brief pro se raising five issues:

1. He contends that his plea to Count Three lacked a factual basis. That Count charged him with using a telephone on March 1, 2000, to facilitate the distribution of cocaine and cocaine base. At his plea hearing, Forrest specifically admitted that on March 1, 2000, he used a telephone to arrange a meeting for delivery of a quantity of cocaine base.

2. He contends that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), by making a drug determination on a preponderance of the evidence standard. Apprendi does not apply because the drug quantity the District Court found—and to which Forrest stipulated—did not increase the sentence to a degree exceeding the prescribed statutory maximum of four years for the offense to which he pled.

3. He contends that the District Court's drug quantity determination was erroneous. The quantity the District Court determined–more than twenty grams but less than thirty-five grams of cocaine base–was the quantity to which Forrest stipulated in his plea agreement. That stipulation is binding on him. See United States v. Cianci, 154 F.3d 106, 110 (3d Cir. 1998).

4. He contends that the District Court should have awarded a three-level reduction for acceptance of responsibility. The sentence the Court imposed—based on an offense level of twenty-five—included a three-level reduction for acceptance of responsibility. The appeal is barred, moreover, by Forrest's waiver of his right to appeal the District Court's determination of his offense level if the total offense level determined by

the District Court did not exceed twenty-five.

5.  He contends that defense counsel was constitutionally ineffective. Because Forrest's claim does not fall within a narrow exception, the claim is not appropriately raised on direct appeal.  United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998).

On this record, we find no nonfrivolous issues. We will grant defense counsel's motion to withdraw and affirm the judgment.